UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

Kathleen Saunders,

   Plaintiff,

v.

Bill Me Later, Inc.; and DOES 1-10, inclusive,

   Defendants.

: Civil Action No.: 3:13-cv-00162

: JUDGE:

: MAGISTRATE JUDGE:

## COMPLAINT

For this Complaint, the Plaintiff, Kathleen Saunders, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq.

2. This Court has original jurisdiction over Plaintiff's TCPA claims. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

3. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

5. The Plaintiff, Kathleen Saunders ("Plaintiff"), is an adult individual residing in Holden, Louisiana.

6.	The Defendant, Bill Me Later, Inc. ("Bill"), is a Maryland business entity with an address of 836 Park Avenue, Second Floor, Baltimore, Maryland 21201.

7.	Does 1-10 (the "Agents") are agents employed by Bill and whose identities are currently unknown to the Plaintiff.  One or more of the agents may be joined as parties once their identities are disclosed through discovery.

8.	Bill at all times acted by and through one or more of the Agents.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A.	**Defendants' Abusive Behavior**

9.	Beginning on or around May 2012, Defendants contacted Plaintiff on her cellular telephone using an automated telephone dialing system ("ATDS") and/or by using artificial or pre-recorded messages for the purposes of collecting a debt.

10.	When Plaintiff answered the calls from Defendants, she would hear a moment of brief silence until a live representative would connect on the line.

11.	During the initial conversation and each conversation thereafter, Plaintiff has explained that her only income is provided by Social Security and food stamps, and that she is in no position to pay the Defendants.

12.	In response to Plaintiff's repeated explanations regarding her financial condition, the Defendants threatened to escalate the frequency of the calls to her cellular phone.

13.	During the initial conversation and each conversation thereafter, Plaintiff verbally revoked her consent to allow Defendants to continue placing ATDS calls to her cellular number.

14.	However, despite Plaintiff's pleas, Defendants continued calling Plaintiff's cellular phone through ATDS on a daily basis.

15.	The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

16.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

17.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.     Without prior consent (or with revoked consent) the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

19.     Defendants placed calls to Plaintiff's cellular telephone using prerecorded voice knowing that it lacked consent to call his number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

20.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

22.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

23.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages of $500.00 for each violation pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Statutory damages of $1,500.00 for each willful and/or knowing violation pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Actual damages from the Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

4. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief preventing such violations in the future;

5. Reasonable attorney fees and necessary costs of this litigation; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 14, 2013

                                        Respectfully submitted,

                                        By:   */s/ Kenneth D. McLean*
                                        Kenneth D. McLean, Esq. (LSB No. 30190))
                                        THE McLEAN LAW FIRM, LLC
                                        P.O. Box 38161
                                        Germantown, TN 38183-0161
                                        Telephone: (901) 326-6888
                                        Facsimile: (901) 531-8102
                                        Attorneys for Plaintiff

Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424